**FILED**
**Mar 05, 2020**
**03:35 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT GRAY

| | | |
|---|---|---|
| **ROMA BLANKENSHIP,** | ) | **Docket No.: 2019-02-0171** |
| **Employee,** | ) | |
| **v.** | ) | **State File No.: 21230-2019** |
| **BALLAD HEALTH,** | ) | |
| **Self-Insured Employer.** | ) | **Judge: Brian K. Addington** |

---

### EXPEDITED HEARING ORDER
### (DECISION ON THE RECORD)

---

This claim came before the Court on Ms. Blankenship's Request for an Expedited Hearing on the record. Ms. Blankenship asked the Court to order temporary disability and medical benefits.[1] For the reasons below, the Court denies her claim for benefits.

### Claim History

Ms. Blankenship worked for Ballad Health as a CNA. In November 2018, she complained to her unit manager about working excessive hours and caring for many patients. She also reported swollen ankles, but she did not allege a work injury. Ballad did not file an injury report.

After Ms. Blankenship's complaint, she sought treatment with Dr. William Brashear in December. Dr. Brasher prescribed Lyrica and took her off work. However, Ms. Blankenship did not file any medical records from Dr. Brashear for 2018. She last worked on December 25, 2018.

Due to continued complaints, Ballad filed an injury report and sent Ms. Blankenship to Dr. Michael Anders in February 2019. She complained of left- and right-knee pain and ankle swelling, which was "made worse by prolonged walking, stairs." She reported her work as a CNA over the years caused her problems. After examining

---

[1] This is Ms. Blankenship's second request for an expedited hearing on the record. The Court previously denied her request for medical and temporary disability benefits.

Ms. Blankenship, Dr. Anders could not causally relate her current symptoms to her work.[2]

After seeing Dr. Anders, Ms. Blankenship returned to Dr. Brashear with continued pain.  He assessed bilateral patellofemoral osteoarthritis, stating "I do feel this is an exacerbation of an underlying problem."  Dr. Brashear continued her Lyrica prescription and released her for full-duty work in March 2019.

### Findings of Fact and Conclusions of Law

The issue is whether Ms. Blankenship injured her ankles and knees at work.  To receive benefits, Ms. Blankenship must show she would likely prevail at a hearing on the merits that she suffered a specific injury or aggravation of a pre-existing condition by accident arising primarily out of and in the course and scope of employment that caused the need for medical treatment.  *See* Tenn. Code Ann. §§ 50-6-102(14); 50-6-239(d)(1) (2019).  This requires expert medical proof.  *See Albright v. Hercules HVAC Pads, Inc.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 66, at *13 (Dec. 20, 2018).

Here, two physicians examined Ms. Blankenship, and neither causally related her ankle and knee conditions to her work for Ballad.  The Court acknowledges that Ms. Blankenship feels her condition is work-related, but she presented no new medical evidence to support her claim.  Therefore, the Court holds she is not entitled to medical or temporary disability benefits at this time.

**IT IS, THEREFORE, ORDERED AS FOLLOWS:**

1. The Court denies Ms. Blankenship's request for temporary and medical benefits at this time.

2. This case is set for a Status Hearing on **April 28, 2020, at 10:30 a.m.** Eastern Time.  The parties must call **855-543-5044** to participate.  Failure to call at the scheduled time might result in the determination of issues without the party's participation.

---

[2] Dr. Anders used an incorrect standard.  The correct standard is whether the employment contributed more than fifty percent in causing the injury.  Tenn. Code Ann. § 50-6-102(14)(B).

**ENTERED March 5, 2020.**


 /S/ Brian K. Addington
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

**Appendix**

**Exhibits:**
1. Ms. Blankenship's Affidavit
2. Medical Record-Occupational Medicine Clinic (2/5/19)
3. Medical Record-Appalachian Orthopedic Associates (3/12/19-3/26/19)
4. Job Description

**Technical Record:**
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Ballad Health's Response to Request for Expedited Hearing

**CERTIFICATE OF SERVICE**

I certify a copy of this Order was sent as indicated on March 5, 2019.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Roma Blankenship, Employee | | | X | 140 Painter Rd. Fall Branch, TN 37656 catherine62kylie@gmail.com |
| Michael Forrester, Employer's Attorney | | | X X | mforrester@hsdlaw.com amcknight@hsdlaw.com |

_____

**PENNY SHRUM, COURT CLERK**
**Court of Workers' Compensation Claims**
wc.courtclerk@tn.gov

4



<u>Expedited Hearing Order Right to Appeal</u>:

        If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____  ☐ Motion Order filed on _____

☐ Compensation Order filed on_____  ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

## AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____       2. Address: _____

3. Telephone Number: _____       4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries          $ _____ per month     Telephone       $ _____ per month

Electricity        $ _____ per month     School Supplies $ _____ per month

Water              $ _____ per month     Clothing        $ _____ per month

Gas                $ _____ per month     Child Care      $ _____ per month

Transportation  $ _____ per month        Child Support   $ _____ per month

Car                $_____ per month

Other              $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____    (FMV) _____

Checking/Savings Acct. $ _____

House                   $ _____    (FMV) _____

Other                   $ _____    Describe:_____

11. My debts are:

Amount Owed                    To Whom

_____               _____

_____               _____

_____               _____

_____               _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT


Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.


_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                                    RDA 11082